# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. BK16-40798 |
| | ) | (Chapter 13) |
| ALLIX B JOSEPH, | ) | |
| | ) | CHAPTER 13 PLAN and |
| Debtor(s). | ) | NOTICE OF RESISTANCE DEADLINE |

## 1. PAYMENTS

The Debtor or Debtors (hereinafter called "Debtor") submit to the Standing Chapter 13 Trustee all projected disposable income to be received within the applicable commitment period of the plan. Payment schedule is as follows:

| A. Monthly payment amount | B. Number of Payments | Base Amount (A x B) |
|---|---|---|
| $115.00 | 60 | $6,900.00 |
| Total Plan Base Amount | | $6,900.00 |

The payment shall be withheld from the Debtor's paycheck.

Employee's name, from whose check the payment is deducted:  ALLIX B JOSEPH

Employer's name, address, city, state, phone: DALE'S ELECTRIC, LLC, 803 N BRIGGS AVE, HASTINGS, NEBRASKA 68901-4321  402.469.0620

Debtor is paid: WEEKLY

This Plan cures any previous arrearage in payments to the Chapter 13 Trustee under any prior plan filed in this case.

NOTE: PLAN PAYMENTS TO THE TRUSTEE MUST BEGIN IMMEDIATELY FOR PLANS REQUIRING PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS OR LEASE PAYMENTS.  IN THOSE CASES PROVIDING FOR EMPLOYER DEDUCTIONS, THE DEBTOR MUST MAKE DIRECT PAYMENT TO THE TRUSTEE BY MONEY ORDER OR CASHIER'S CHECK UNTIL THEIR EMPLOYER DEDUCTION BEGINS. IN CASES WITHOUT PRE-CONFIRMATION PAYMENTS, PLAN PAYMENTS MUST COMMENCE WITHIN 30 DAYS OF FILING OF THE PETITION. THE DEBTOR MUST MAKE DIRECT PAYMENT TO THE TRUSTEE UNTIL THEIR EMPLOYER DEDUCTION BEGINS.

## 2. ORDER OF PAYMENT OF CLAIMS

Applicable Trustee fees shall be deducted, pursuant to 28 U.S.C. §586(c).  Claims shall be paid in the following order: 1) 11 U.S.C. § 1326(a) (1)(B) & (C) pre-confirmation payments for adequate protection or leases of personal property; 2) **Debtor's attorney fees**; 3) payments to secured creditors under 11 U.S.C. § 1325(a)(5), payments due on executory contracts, 11 U.S.C. § 507(a)(1)(A) priority domestic support claims and approved Chapter 7 Trustee compensation; 4) Other administrative expense claims under 11 U.S.C. § 503; 5) Other priority claims in the order specified in 11 U.S.C. § 507(a) including post petition tax claims allowed under 11 U.S.C. § 1305; 6) Co-signed consumer debts; and 7) General unsecured claims.  Unless otherwise noted, claims within each class shall be paid pro rata.  If funds remain after payment of specific monthly payments provided for in the plan, the Chapter 13 Trustee may distribute those funds to secured creditors in payment of their allowed secured claims.

## 3. § 1326 (a) PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS AND LEASE PAYMENTS

The following pre-confirmation adequate protection payments on claims secured by personal property and pre-confirmation lease payments for leases of personal property shall be paid by the Trustee to the below listed creditors without entry of an order of the Court.  The Debtor proposing pre-confirmation payments will immediately commence plan payments to the Trustee.  Creditors must file a proof of claim to receive payment.  Payments by the Trustee shall

commence to these creditors within 30 days of the filing of the proof of claim unless the Trustee does not have funds available within 7 working days prior to the end of the 30 day period.  Post-confirmation payments are provided for below in Paragraphs 6 and 7 of this Plan.  THE PAYMENTS PROVIDED IN THIS PARAGRAPH WILL CONTINUE UNTIL ATTORNEY FEES ARE PAID IN FULL.

| Creditor's Name and Full Address | Last Four Digits of Account Number | Date of Next Payment Due | Payment Amount |
|---|---|---|---|
| NONE | | | |

## 4. ADMINISTRATIVE CLAIMS

Trustee fees shall be deducted from each payment disbursed by the Trustee.

Nebraska Rule of Bankruptcy Procedure 2016-1(A)(4) and Appendix "K" provide the maximum allowance of Chapter 13 Attorney fees and expenses, which may be included in a Chapter 13 Plan.  Total fees or costs in excess of this amount must be approved through a separate fee application.  Fees and costs requested for allowance are as follows:

| Total Fees Requested: | Fees Received Prior to Filing: | Balance of Fees to be Paid in Plan: |
|---|---|---|
| $3,700.00 | $0.00 | $3,700.00 |

| Total Costs Requested | Costs Received Prior to Filing | Balance of Costs to be Paid in Plan |
|---|---|---|
| $200.00 | $0.00 | $200.00 |

Fees and costs allowed shall be paid at the rate of not less than $104.00 per month and shall accrue from the month in which the case is filed, and shall be paid prior to commencing payments under Paragraph 6 of this Plan.

## 5. PRIORITY CLAIMS

11 U.S.C. § 1322(a) provides that all claims entitled to priority under 11 U.S.C. § 507(a) shall be paid in full in deferred cash payments unless the holder of a particular claim agrees to a different treatment of such claim except for a priority claim under 11 U.S.C. § 507(a)(1)(B).  It is further provided that any and all pre-petition penalties, and post-petition penalties and interest, which have attached or will be attached to any such claim, shall be treated as a general unsecured claim and not entitled to priority.  If a Creditor's claim under either Paragraph B or C below has been provided for in full through this Plan, then such Creditors are enjoined from using any other method to collect such claims such as any action allowed under 11 U.S.C. § 362(b)(2), including but not limited to wage garnishment and tax refund interception.  Such claims are as follows:

### A) All Domestic Support Obligations as Defined in 11 U.S.C. § 101(14A):

Name of Debtor owing Domestic Support Obligation:  ALLIX B JOSEPH

The Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim and not through the Chapter 13 Plan.

| Name | Address, City and State | Zip Code | Telephone Number |
|---|---|---|---|
| MALINDA S FEATHERSTONE | 1129 W. H STREET, HASTINGS, NEBRASKA | 68901 | 402.902.9924 |

### B) Arrearages Owed to Domestic Support Obligation Holders under 11 U.S.C. § 507(a)(1)(A) to be paid

after payment of attorney fees and costs in this case have been paid in full:

| Name of Creditor | Estimated Arrearage of Claim | Monthly Payment on Arrearage | Total Amount Paid |
|---|---|---|---|
| MEGAN HOLMES | $2,348.46 | $104.00 | $2,348.46 |

2

**C) Domestic Support Obligations Assigned To or Owed To a Governmental Unit Under §507(a)(1)(B)**
to be paid after payment of attorney fees and costs in this case have been paid in full**:**

Name of Creditor                          Estimated Arrearage Claim          Provision for Payment

NONE

**D) Priority Tax Claims including Post-Petition tax claims allowed under 11 U.S.C. § 1305:**

Federal:                          State:                          Total:          $0.00

**E) Chapter 7 Trustee Compensation Allowed Under 11 U.S.C. § 1326(b)(3):**

Amount Allowed          Monthly Payment (Greater of $25 or 5% of Monthly Payment to Unsecured Creditors)

NONE

**F) Other Priority Claims:**  NONE

**6. SECURED CLAIMS**
        Payments under this paragraph will commence after payment of attorney fees and costs allowed under Paragraph 4 of this Plan have been paid in full.

**A) 1) Home Mortgage Claims (including claims secured by real property which debtor intends to retain):**
NONE

**A) 2) The following claims secured by real property shall be paid in full through the Chapter 13 plan:**
NONE

**A) 3) The following claims secured by real property shall NOT be paid through the Chapter 13 plan:**
NONE

**B) Post-Confirmation Payments to Creditors Secured by Personal Property:**
Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraph (1) and (2).  If debtor elects a different method of payment, such provision is set forth in subparagraph (3).

1) Secured Claims to which § 506 Valuation is **NOT** applicable:  NONE

2) Secured Claims to which § 506 Valuation is applicable:  NONE

3) Other Provisions:  Debtor will pay all post-petition, personal property taxes owed to the Treasurer of ADAMS County, before they become delinquent directly to such Treasurer.

**C) Surrender of Property:**
        The Debtor surrenders any interest in  the following collateral. Any secured claim filed by the below creditors will be deemed satisfied in full through surrender of the collateral.  Any unsecured deficiency claim must be filed by the bar date for claims or allowed by separate order of the Court.

Name of Creditor: NAVY FEDERAL CREDIT UNION
Collateral to be Surrendered:  2005 SATURN VUE

Name of Creditor:  WELLS FARGO DEALER SERVICES
Collateral to be Surrendered:  2010 FORD ESCAPE

3

**D) Lien Avoidance:**  NONE

**7. Executory Contracts/Leases**:  NONE

**8. Co-signed Unsecured Debts**:  NONE

**9. UNSECURED CLAIMS**

Allowed unsecured claims shall be paid pro rata from all remaining funds.

**10. ADDITIONAL PROVISIONS**

A) If there are no resistances/objections to confirmation of this Plan or after all objections are resolved, the Court may confirm the plan without further hearing.

B) Property of the estate, including the Debtor's current and future income, shall re-vest in the Debtor at the time a discharge is issued, and the Debtor shall have sole right to use and possession of property of the estate during the pendency of this case.

C) In order to obtain distributions under the plan, a creditor must file a proof of claim within ninety (90) days after the first date set for the Meeting of Creditors, except as provided in 11 U.S.C. § 502(b)(9). Claims filed after this bar date shall be disallowed except as provided in Bankruptcy Rule 3002.

D) Unless otherwise provided in this plan or ordered by the court, the holder of each allowed secured claim provided for by the plan shall retain its lien securing such claim as provided in 11 U.S.C § 1325(a)(5)(B).

E) After the bar date to file a proof of claim for non-governmental units passes, limited notice/service is approved for all post confirmation pleadings. Pleadings shall include applications for fees, amended plans and motions. Pleadings shall be served on all parties in interest. For purposes of this limited notice provision, a party in interest is a party whose interest is directly affected by the motion, a creditor who has filed a proof of claim, a party who has filed a request for notice, any governmental agency or unit that is a creditor and all creditors scheduled as secured or priority creditors. Any pleading filed with limited notice shall include a certificate of service specifically stating it was served with limited notice on all parties in interest pursuant to Neb.R.Bankr.P. 9013-1(E)(1). **Failure to comply shall result in deferral of the motion until a proper certificate of service is filed.**

F) Debtor will not pay the student loan payment outside of the Plan.

Dated:   5/11/2016

  /s/Allix B Joseph

Allix B. Joseph, Debtor

111 W 9th St, POB 354, Juniata, NE 68955

By: /s/ David P. Lepant

   David P. Lepant, #20104

   Lepant & Kratz, PC, LLO

   Attorney for Debtor(s)

   119 North Fifth Street

   Beatrice, Nebraska 68310

   (402) 223-4071

   lawoffice@lepantlaw.com

4

## NOTICE OF RESISTANCE DEADLINE

ANY RESISTANCE TO THIS PLAN OR REQUEST FOR A HEARING MUST BE FILED IN WRITING WITH THE BANKRUPTCY CLERK'S OFFICE (SEE ORIGINAL NOTICE OF BANKRUPTCY FOR ADDRESS) AND SERVED ON THE ATTORNEY FOR THE DEBTOR AT THE ADDRESS LISTED BELOW, ON OR BEFORE FOURTEEN (14) DAYS AFTER THE CONCLUSION OF THE MEETING OF CREDITORS.  IF A TIMELY RESISTANCE OR REQUEST FOR HEARING IS FILED AND SERVED, THE BANKRUPTCY COURT WILL HANDLE THE RESISTANCE IN ACCORDANCE WITH NEB. R. BANKR. P. 3015-2.  IF THERE ARE NO OBJECTIONS TO THE PLAN AS FILED, THE COURT MAY CONFIRM THE PLAN WITHOUT FURTHER HEARING.

## CERTIFICATE OF SERVICE

On May 17, 2016, the undersigned hereby certifies that a copy of the Plan was served upon all creditors listed on the court matrix on file with the court, parties-in-interest, and those requesting notice, by first class United States mail, postage prepaid.  The undersigned relies on the CM/ECF system to provide notice to the office of the United States Trustee and Kathleen Laughlin, Chapter 13 Trustee.

DATED: May 17, 2016.

By:  /s/ David P. Lepant
      David P. Lepant, #20104
      Attorney for the Debtor(s)
      Lepant & Kratz, PC, LLO
      119 North Fifth Street
      Beatrice, Nebraska 68310
      (402) 223-4071
      lawoffice@lepantlaw.com